**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4683**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCO THOMAS MOORE,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:09-cr-01005-HFF-1)

───────────

Submitted: October 31, 2011     Decided: November 8, 2011

───────────

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Darren Scott Haley, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marco Thomas Moore appeals his convictions following a conditional guilty plea to one count of possession with the intent to distribute five grams or more of cocaine base and a quantity of cocaine and a quantity of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), (C), (D) (West 2006 & Supp. 2011), one count of use of a firearm during and in relation to, and possession of that firearm in furtherance of, a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). Moore preserved his right to appeal the district court's order denying his motion to suppress evidence seized from his residence. He argues that the court erred in denying the motion because the evidence seized was the fruit of an illegal search. We affirm.

Responding to a 911 call reporting a domestic disturbance, Greenville, South Carolina Sheriff's Deputy Chad Ayers observed Moore and other subjects through a broken window in Moore's house. Ayers saw what appeared to be cocaine base and a firearm and called for backup assistance. When other officers approached the front door of the residence and knocked, Moore stated to his compatriots, "It's the cops." One of the group then aimed a firearm at the front door. Seeing this,

2

Ayers and another deputy kicked open the back door of the house and pursued Moore and the other subjects into a bedroom. There, Ayers observed quantities of narcotics in plain view. After the individuals found in the home were secured, Ayers applied for and obtained a search warrant for the home. Officers executed the warrant and seized marijuana, cocaine, cocaine base, a firearm, and various items of drug paraphernalia. Moore argues that because Ayers violated his reasonable expectation of privacy and right to be secure in his home when he approached the broken window and peered inside and, by doing so, created the exigent circumstances used to justify the warrantless entry into the home, the district court's denial of the suppression motion must be reversed.

In reviewing the district court's denial of Moore's suppression motion, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied Moore's motion, this court construes the evidence in the light most favorable to the government. Id.

Warrantless searches "are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks

3

omitted).  The Fourth Amendment protects the curtilage of a residence if "the area harbors the intimate activity associated with the sanctity of a [person]'s home and the privacies of life."  United States v. Dunn, 480 U.S. 294, 300 (1987) (internal quotation marks omitted).  We have noted, however, that the Fourth Amendment does not invariably forbid an officer's warrantless entry into an area surrounding a residential dwelling, even when the officer has not first knocked at the front door.  Alvarez v. Montgomery Cnty., 147 F.3d 354, 358 (4th Cir. 1998).  A police officer may enter property adjacent to a home when the officer possesses a legitimate reason for doing so that is unconnected with a search of the premises.  Id.

Here, Ayers was responding to a 911 call indicating that there was a domestic disturbance ongoing at Moore's residence.  Although another police officer had already responded to and resolved the incident, the officer had not alerted police dispatchers, and Ayers arrived on the scene, believing himself to be the first officer to respond.  At the suppression hearing, Ayers testified that he approached the residence from the side, rather than proceeding to the front door, for his own safety, and decided to investigate further after seeing a broken window and hearing voices from inside.  We conclude that Ayers's action in proceeding to the side of the

4

home and looking inside was not "so incompatible with the scope of [his] original purpose that any evidence inadvertently seen by [him] must be excluded as the fruit of an illegal search." United States v. Anderson, 552 F.2d 1296, 1300 (8th Cir. 1977) (citing United States v. Bradshaw, 490 F.2d 1097, 1100 (4th Cir. 1974)).

"It is a hallmark of Fourth Amendment jurisprudence that the possibility of a threat to the safety of law enforcement officers may constitute exigent circumstances justifying a warrantless search or seizure." United States v. Legg, 18 F.3d 240, 244 (4th Cir. 1994); see also Bellotte v. Edwards, 629 F.3d 415, 422-23 (4th Cir. 2011) (listing cases addressing the justification for no-knock entries that speak primarily in terms of threats or danger to officer safety). "For police officers successfully to assert the exigent circumstances doctrine, they need only possess a reasonable suspicion that such circumstances exist at the time of the search or seizure in question." Figg v. Schroeder, 312 F.3d 625, 639 (4th Cir. 2002) (internal quotation marks omitted). Courts should not "engage in unreasonable second-guessing of the officers' assessment of the circumstances that they faced." Id. (internal quotation marks omitted). We have reviewed the record and conclude that the officers were justified in entering the home when Ayers observed one of Moore's companions pointing a

5

firearm at the front door where other deputies stood.  Indeed, they acted entirely reasonably under the circumstances.

The Supreme Court's recent decision in Kentucky v. King, 131 S. Ct. 1849 (2011), does not compel a different conclusion.  In that case, the Court held that, where police officers create the exigency on which they rely to make a warrantless entry into a home, the exigent circumstances exception to the Fourth Amendment's warrant requirement applies, as long as "the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment".  Id. at 1858.  Here, the officers gained access to the premises of the residence by lawful means, without an actual or threatened violation of the Fourth Amendment.  We therefore conclude that the district court did not err in denying the motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED